IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-01435-GPG

FERJE, HAYAT ASFIR,

      Petitioner,

v.

TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity
ROBERT GUADIAN, in his official capacity as Director of the Denver Field Office of the U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity, and
JUAN BALTAZAR, Warden of GEO Group Aurora Inc, in his official capacity,[1]

      Respondents.

---

## ORDER

---

Before the Court is Petitioner's Motion to Enforce Judgment (D. 14).

On April 17, 2026, the Court granted in part Petitioner Hayat Asfir Ferje petition for a writ of habeas corpus and granted Petitioner "a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest. *See Batz Barreno*, 2025 WL 3190936, *3 (holding that the government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence)" (D. 9 at 3).

---

[1] Respondent Todd Blanche substituted pursuant to Fed. R. Civ. P. 25(d).

1

After an extension requested by Petitioner, she had a bond redetermination hearing on May 1, 2026.  The Immigration Judge (IJ), Bobbie C. Masters, denied bond in a Bond Decision of the Immigration Judge (Decision) (D. 14 at 29–32).  She reasoned:

> The Court finds Respondent does present a risk of flight by clear and convincing evidence.  Respondent was ordered removed on March 18, 2026. Although that decision is currently being appealed, it is speculative that appeal will be successful and the case will be remanded. Her removal proceedings are closed. In addition, the Respondent has been in the United Sates for a short period of time, has not demonstrated any family ties or that she owns property in the United States.
>
> Respondent's limited options to lawfully remain in the United States and the speculative likelihood that her appeal will be granted substantially increase her flight risk because she has little incentive to appear for a final order of removal. *See Matter of Andrade*, 19 I&N Dec. 488, 490 (BIA 1987) (noting an applicant with a greater likelihood of obtaining relief from removal has increased motivation to appear for future immigration hearings than one with less potential of obtaining such relief).
>
> Given all the foregoing, the Court therefore concludes that Respondent's ongoing detention is justified because her release would pose a significant risk of flight that no amount of bond or combination of conditions could mitigate. *See id*. at 806-07 ("The respondent's limited avenue for relief, combined with his other minimal ties to the United States, support the Immigration Judge's determination that the respondent poses a high flight risk and should be held without bond pending the outcome of his removal proceedings."). Accordingly, the Court finds that a bond is not warranted in this case.

(*id*. at 31).

On June 8, 2026, Petitioner sought relief.  Petitioner notes the she submitted evidence that "was released into the United States after her entry, timely filed an application for asylum, complied with immigration requirements, appeared for scheduled appointments, [] was ultimately arrested while appearing at a routine ICE check-in in Maryland . . . has a pending appeal before

the Board of Immigration Appeals, a fixed residence available upon release, a United States citizen sponsor willing to provide housing and support, community support, and no criminal history whatsoever" (D. 14 at 2).

Petitioner asserts that, while a hearing was held, "the decision itself demonstrates that the burden was never meaningfully enforced" (D. 14 at 3). She argues that the "reasoning employed by the Immigration Judge effectively placed the burden back upon Petitioner by relying upon perceived weaknesses in her immigration case rather than requiring affirmative proof that she presented a flight risk warranting continued detention" (*id*.). Petitioner asserts that the government failed to meet its burden and that the IJ improperly relied on speculation rather than evidence (id. at 5–6). Finally, Petitioner argues that the IJ violated due process by ignoring material evidence such that the bond hearing was not "meaningful" (*id*. at 6–7).

Respondents argue that the Court's review of IJ decisions is limited and that the decision can be read in a way that indicates that the IJ considered the evidence presented (D. 16). The Court agrees in part.

The INA explicitly precludes judicial review of discretionary IJ decisions concerning revocation or denial of bond under 8 U.S.C. § 1226(a): "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." 8 U.S.C. § 1226(e). Thus, the Court lacks authority to reconsider the issues presented to the IJ by applying the relevant burden to the evidence and second-guessing the IJ's application of the burden. *See Soberanes v. Comfort*, 388 F.3d 1305, 1309 (10th Cir. 2004).

The Court is nonetheless empowered to ensure that individuals are not held "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. As part of this,

the Court may order proceedings required by due process and prescribe the applicable burden of proof an IJ must apply at a bond hearing to satisfy due process. *See Barreno v. Baltasar*, No. 025-cv-03017-GPG-TPO, 2025 WL 3190936, at *2–*3 (D. Colo. Nov. 14, 2025). "Challenges to immigration detention are properly brought directly through habeas" and "exhaustion deficiencies . . . do not affect habeas jurisdiction over such claims." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citations omitted). The Court also retains jurisdiction to ensure that its Orders are followed. *Lopez v. Paulk*, --- F.Supp.3d ----, No. 7:26-cv-00029-WLS-ALS, 2026 WL 961948, at *3 (M.D. Ga. Apr. 6, 2026) (citing *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991)); *Shillitani v. United States*, 384 U.S. 364, 370 (1966).

Here, the Court found that Petitioner had been denied due process and, as a remedy, ordered that Respondents provide Petitioner with a bond hearing at which the government bore the burden of proof (D. 9 at 3). The IJ appears to have held a hearing and applied the requisite burden. The IJ correctly identified the applicable burden and found that it was satisfied by Petitioner's "limited options to lawfully remain in the United States and the speculative likelihood that her appeal will be granted" (D. 14 at 31). The Court is not at liberty to revisit the IJ's finding as to whether the burden was satisfied by this evidence.[2] But this does not end the inquiry because the ultimate issue in a habeas proceeding is whether Petitioner's custody violates the laws or Constitution, in this case due process.

"When facing removal, aliens are entitled only to procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful manner." *Vladimirov v.*

---

[2] It is unclear that the Court could resolve this issue on the record before it even if it had jurisdiction because it lacks information about Petitioner's prospects in her asylum application and would have little reason to doubt the IJ's assessment in an area of specialized expertise.

*Lynch*, 805 F.3d 955, 962 (10th Cir. 2015) (cleaned up). The only protections afforded to a petitioner in an immigration proceeding include the "opportunity to be heard at a meaningful time and in a meaningful manner," "factfinding based on a record produced before the decisionmaker and disclosed to" the petitioner, "and an individualized determination of his interests." *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) (internal quotation marks omitted). To succeed on a procedural due process claim of the sort Petitioner presently raises, she must show "(1) that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case." *Atemnkeng v. Barr*, 948 F.3d 231, 241 (4th Cir. 2020) (internal quotations omitted); *see also Rivera Menjivar v. Garland*, 27 F.4th 638, 643 (8th Cir. 2022); *Indrawati v. U.S. Atty. Gen.*, 779 F.3d 1284, 1299 (11th Cir. 2015).

As to the first prong, the record indicates that the proceeding was fundamentally unfair and did not include factfinding based on the record before the decisionmaker. The Decision neither mentions nor analyzes any of the evidence presented by Petitioner, leaving the distinct impression that nothing Petitioner presented was considered (D. 14 at 29–32).[3] No great discourse on the evidence is required, but due process requires some review of the record and a resulting order should indicate at minimum that all evidence was considered.[4] In terms of the second prong,

---

[3] Respondents argue that, because the IJ found "the Respondent . . . has not demonstrated any family ties," it shows that one piece of evidence indicating Petitioner had a non-family sponsor was considered (D. 16 at 4). This is mere speculation and, regardless suffers from its own problems; namely, it would improperly place the burden on Petitioner and make the default result detention regardless of circumstances; and it would not show the full record was considered, only one item.

[4] *See, e.g., Trochez Aguilar v. Mullin*, No. 26-cv-01910-GPG, ECF No. 22 at 2 (D. Colo. June 25, 2026) (denying motion to enforce where IJ stated they "carefully considered the documentary evidence"); *McCormick v. City of Lawrence, Kan.*, No. 03-cv-2418-KHV, 2006 WL 839456, at *2 (D. Kan. Mar. 29, 2006) ("The Court has carefully considered defendant's remaining arguments and finds that they do not warrant reconsideration."); *Emma H. o/b/o S.J.M. v. Saul*, No. 18-CV-657-JFJ, 2020 WL 3027202, at *4 (N.D. Okla. June 5, 2020) ("After review of these aspects of the record, the Court finds they do not overwhelm the remaining evidence of record showing improvement of Claimant's symptoms as discussed by the ALJ.").

failure to consider probative evidence is sufficient to show prejudice where, as here, the evidence was material to dispositive issues. *See Atemnkeng v. Barr*, 948 F.3d 231, 242 (4th Cir. 2020) (finding IJ's "failure to consider [immigration applicant's] testimony on remand . . . prejudiced the outcome of [their] asylum claim"). While the Court does not weigh the evidence presented by Petitioner, it finds that it was relevant and material to the dispositive issue of whether she was a flight risk. Accordingly, Petitioner was prejudiced by the apparent failure to consider her evidence.

The Court finds again that Petitioner's continued detention violates due process and, accordingly, grants habeas relief. Accordingly, Petitioner's Motion (D. 14) is GRANTED as follows:

Petitioner's Petition (D. 1) is GRANTED IN PART,[5] to the extent Petitioner seeks another bond redetermination hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest. *See Batz Barreno*, 2025 WL 3190936, *3 (holding that the government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence). Respondents shall provide Petitioner with a bond hearing under § 1226(a) within SEVEN DAYS of this Order and Respondents have the responsibility to ensure that the government applies those burdens and provides a sufficient record for review. Additionally, Respondents SHALL notify Petitioner and counsel (or representative) of the date, time, and place of the hearing no less than 24 hours prior to the beginning of the hearing. Respondents are ENJOINED from denying bond to Petitioner on the basis that Petitioner

---

[5] To the extent necessary, the Court temporarily reopens this case solely for the purposes of entering this Order. *See* Fed. R. Civ. P. 60(b)(2), (6).

6

is detained pursuant to § 1225(b)(2)(A).  Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether Petitioner has been granted bond, and, if Petitioner's request for bond was denied, the reasons for that denial.  Such status update shall also include as an attachment any warrant justifying Petitioner's detention at the time he was detained.

DATED July 2, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge